**CV 13-5117**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

DAVID DARRELL
and PATRICK THORNTON,

                       Plaintiffs,

   -against-

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICER
LUIS JAIME, SHIELD # 439,
AND N.Y.C. POLICE OFFICERS
"JOHN DOE (1) – (4)", EACH SUED
INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY,

                       Defendants.

-------------------------------------------------------X

VERIFIED COMPLAINT AND DEMAND FOR A JURY TRIAL

DEARIE, J.

SCANLON, M.J.

1. This is an action for compensatory and punitive damages for violation of Plaintiff's civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States by reason of the unlawful acts of defendants.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

### PARTIES

3. Plaintiffs are residents of New York City, Queens County, State of New York.

4. At all times hereinafter mentioned, the Defendant New York City Police officers were employees of the defendants and was acting within the scope and authority of their employment. They are sued individually and in their official capacities as New York City Police Officers.

5. At all times, the defendant New York City owned and maintained the New York City

Police Department ("NYPD") and employed the individual defendants sued herein.

6. At al times, the NYPD was responsible for the training of its officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the police department.

8. That at all times mentioned herein the defendant, City of New York knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights and intentional infliction of emotional distress of the plaintiff.

## FACTS

9. On or about June 19, 2012, at approximately 4:00 p.m., plaintiffs were passengers in a vehicle that was legally parked in the vicinity of Bascom Avenue and 140th Street, Queens, New York.

10. Plaintiff David Darrell had just gotten back into the back seat of the vehicle after dropping off some money with his girlfriend a few blocks away at a nearby Popeye's Restaurant.

11. Plaintiff Patrick Thornton had remained in the vehicle while Darrell was away, and was just sitting in the back seat the whole time.

12. As the driver got ready to pull away the Defendant officers pulled over the car and proceeded to open up the passenger-side back door and snatch David Darrell out of the car.

13. A Defendant officer then proceeded to search David Darrell.

14. The officer found nothing, and asked Darrell, "Where's it at?" Darrell said, "Where's what?" The officer then said, "Where did you go?"

15. Darrell told him he went around the corner.

16. The officer continued to repeatedly ask Darrell, "Where's it at?"

17. Other officers came over and asked the same thing.

18. Another police vehicle pulled up and the officers then huddled for a little while,

talking among themselves.

19. Then, the officers pulled Plaintiff Patrick Thornton out of the back seat from behind the driver where he was seated.

20. They proceeded to search Plaintiff Thornton and also found nothing.

21. Then, they took the driver and front passenger out of the car, searched them and found nothing.

22. In one last act of desperation, they searched the vehicle and apparently turned up a small amount of marijuana from a pack of Newport cigarettes in the middle console of the car.

23. The police arrested all four occupants of the vehicle and took them to the 113th precinct.

24. At the precinct all four individuals were strip-searched, and nothing was found on any of them.

25. Plaintiffs were each charged with the violation of possession of marijuana, although it was not in plain view and there was no evidence that either plaintiff was in actual or constructive possession of the marijuana.

26. Plaintiff David Darrell spent approximately 45 hours in custody before being released at arraignment.

27. Plaintiff Patrick Thornton had bail set on him and spent five days in jail before he was bailed out.

28. Plaintiff David Darrell's case was dismissed on December 12, 2012 after four court appearances, including dates where he rejected an ACD.

29. At the probable cause hearing held on March 20, 2013, Defendant officer Jaime admitted that he did not see any criminality prior to stopping the vehicle, but falsely testified that he smelled marijuana and observed marijuana in plain view in the center console. He also falsely testified about the sequence of events leading to the arrest of Plaintiffs, claiming he pulled the driver out first which was patently untrue.

30. Plaintiff Patrick Thornton's case was dismissed on April 24, 2013 after the judge suppressed the marijuana on the grounds that the stop of the vehicle was unlawful. The judge also stated that there was no absolutely no evidence that Plaintiff Thornton possessed marijuana.

31. Defendant City has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent officers from their duties, including but not limited to the fact that the defendants knew or should have known of the individual Defendant's tendencies to commit unlawful acts such as illegal car stops and perjury, but took no steps to correct or prevent the exercise of such tendencies.

32. Defendants knew or should have known that prior to this date, the perpetration of unlawful acts of the individual defendants was occurring, in that there may have been reports of such unlawful conduct by this specific officer, but failed to take appropriate steps to eliminate these unlawful acts.

33. Defendant, among other deficiencies, failed to institute a bona fide procedure in which defendant investigated the unlawful acts of the individual defendants or properly investigated reports of their alleged misconduct.

## FIRST CAUSE OF ACTION FOR FALSE ARREST

34. Plaintiffs reiterate and reallege the facts stated in the above paragraphs as if stated fully herein.

35. As a result of their actions, Defendants, under "Color of law", deprived Plaintiffs of their right to freedom from deprivation of liberty in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

36. Defendants subjected Plaintiffs to these deprivations of their rights either maliciously or by acting with a reckless disregard for whether Plaintiffs' rights would be violated.

37. As a direct and proximate result of the acts of defendants, Plaintiffs suffered physical

and psychological injuries, and endured great pain and mental suffering.

## SECOND CAUSE OF ACTION
## FOR VIOLATION OF CIVIL RIGHTS
## ("MONELL VIOLATION")

38. Plaintiffs reiterate and reallege the facts stated in the above paragraphs as if stated fully herein.

39. Defendants, acting as municipal policymakers, in the hiring, training and supervision of the individual defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain. As such, defendants have violated plaintiff's right to freedom from the use of excessive and unreasonable force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

40. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants committed the unlawful acts referred to above and thus, Defendants are liable for Plaintiff's injuries.

## THIRD CAUSE OF ACTION FOR INVASION OF PRIVACY
## (STRIP-SEARCH)

41. Plaintiffs reiterate and reallege the facts stated in the above paragraphs as if stated fully herein.

42. The strip-search of Plaintiff, which involved requiring him to pull down his pants, bend over and spread his cheeks, was a violation of Plaintiff's privacy rights as guaranteed by the Fourth Amendment to the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, 42 USC § 1983; and,

2. Enter a judgment, jointly and severally, against defendants for compensatory damages in the amount of One Million ($1,000,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against Defendants for punitive damages in the amount of Three Million ($3,000,000.00) Dollars; and,

4. Enter an Order:

    a) Awarding Plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

    b) Granting such other and further relief which to the Court seems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
       September 13, 2013

**RESPECTFULLY,**

**STEVEN A. HOFFNER, ESQ.**
Attorney for the Plaintiffs
325 Broadway, Suite 505
New York, New York 10007
(212) 941-8330
(SH-0585)

## VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiff in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiff does not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
September 13, 2013

_____
STEVEN A. HOFFNER, Esq.
(SH-0585)